No. 32,818

ANNA C. HUMPHREY, *Appellee*, v. S. B. SPENCER, *Appellant*.

(57 P. 2d 15)

Opinion filed May 9, 1936.

*C. W. Reeder* and *Cy Leland*, both of Troy, for the appellant.

*Ralph U. Pfouts*, of Atchison, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in ejectment. Plaintiff prevailed, and defendant appeals.

The facts were these: In 1929 defendant borrowed $2,500 from a bank in Atchison, giving his note and a mortgage on a 109-acre farm as security. The bank assigned the note and mortgage to plaintiff. Thereafter defendant made default in the payment of interest and taxes; and to avoid foreclosure he conveyed the farm to plaintiff by warranty deed, pursuant to a contemporaneous agreement between plaintiff and defendant to this effect:

Plaintiff agreed to lease the farm to defendant for about twenty-one months—from January 25, 1933, until November 1, 1934—without any rental charge, and that the defendant should have the option to repurchase the farm during that interval for $3,300, which was

the approximate amount of out-of-pocket money as principal, interest and taxes the farm was costing the plaintiff. In this contract was the following recital:

"It is mutually agreed and stipulated among the parties hereto that there is no indebtedness now owing from the said party of the second part [defendant] to the said party of the first part; that the option to purchase the above-named property on or before November 1, 1934, is definite and must be acted upon within that time by the party of the second part."

Defendant did not take advantage of his option to repurchase and failed to vacate the premises at the end of the lease term, November 1, 1934.

On December 7, 1934, this action was begun. The petition stated the cause of action in the usual terms required in ejectment. The answer was a denial of plaintiff's title. The facts were developed as stated above. Defendant adduced no defense, except the futile talking point that the note and mortgage had not actually been returned to him. He did not claim that he considered himself indebted to plaintiff in any amount whatsoever, and, of course, he was not. The quoted paragraph of his agreement was to the contrary. (*Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127; *Jett & Wood Merc. Co. v. Keoneke,* 141 Kan. 791, 44 P. 2d 199.) The fact that the satisfied note and mortgage had not been surrendered to defendant was without significance in this case. It did not impair the binding force of defendant's written agreement nor that of his deed conveying the farm to plaintiff.

The judgment is affirmed.